CASE 88—PETITION ORDINARY—MAY 18.

## Riffe v. Tinley, Etc.

APPEAL FROM KENTON CIRCUIT COURT.

1. HEALTH OFFICERS—REMOVAL OF.—Under the provisions of section 2060 of the Kentucky Statutes, providing that health officers "may be removed at any time by the local boards appointing them," there being no term of office fixed for such officers in the statute, the board has the power to remove them at its pleasure or discretion; and an ordinance of a city fixing the term of such.

officer is *ultra vires*, because it was plainly the policy of the Legislature that there should be no term of such office.

2. SAME.—And if the ordinance was valid, it could not curtail the plenary power of removal given by the statute.

T. F. HALLAM AND U. J. HOWARD FOR APPELLANT.

1. While an office can not be regarded as a contract between the officer and the sovereign, when the services to be performed are professional or private rather than public or official, an employment under an ordinance for a fixed time at a fixed sum is a contract that can not be impaired. Am. & Eng. Enc. of Law, vol. 19, p. 555.

2. The provision of the statute that the health officer may be removed by the board "at any time," can not be construed to imply that the board may remove capriciously or whimsically, but rather that a removal must be for cause. Am. & Eng. Enc. of Law, vol. 19, p. 562; *in re* Eaves, 30 Fed. Rep., 21.

3. This case is not parallel with the case of South v. Commissioners, 86 Ky., 189; in that case the office in question was purely a legislative one, while in this there is a fundamental one for the protection of the public health.

B. F. GRAZIANA FOR APPELLEE.

1. Under section 2060 of the Kentucky Statutes, providing that health officers may be removed at any time by the local board appointing them, the power of removal was absolute and could be exercised at any time without notice, or the assigning of any cause therefor.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

So much of section 2060 as is necessary to be construed in this case is as follows: Physicians appointed as health officers for cities, towns and counties shall receive reasonable compensation for their services, to be allowed by the councils, trustees or county courts of the cities, towns or counties, and to be paid as other city, town or county offi-

cers are paid, and such officers may be removed at any time by the local boards appointing them."

By section 2059 it is made the duty of the city council of every city in this State of 10,000 inhabitants or more (the city of Covington being in that class) to appoint a board of health for such city, to consist of six persons, having power to elect a competent physician, who shall be the health officer of such city, and the executive officer of and ex officio a member of such board of health.

Appellant brought this action, complaining that having been, September 8, 1896, duly elected health officer of the city of Covington, he was December 7, 1897, without notice of or trial upon charges preferred by appellees, composing the board of health of Covington, removed from said office, and appellee Schmidt appointed in his stead. The relief prayed for is an injunction restraining appellees, the board of health, from interfering with appellant's right to perform the duties of said office, and appellee Schmidt from performing said duties or receiving any compensation therefor.

The general rule is that a person appointed or elected to an office, the term of which is prescribed, can not be removed therefrom by even the appointing power, except upon trial of charges preferred, and of which he has notice, but the statute does not fix any term of the office in question, but instead provides the incumbent may be removed at any time by the board appointing him, and we think that was intended to be and is in fact, equivalent to power of removal at pleasure or discretion. It is true appellant alleges in an amended petition that by an ordinance of the

city of Covington, passed on the—day of—, the term of office of the health officer of said city was fixed at two years from the date of his qualification.

But we think that ordinance, if passed, was ultra vires because it was plainly the policy of the legislature there should be no term of such office, and the incumbent should be for manifest reasons removed at the pleasure of the board of health. Besides, even if the ordinance was valid, it could not have the effect to curtail the plenary power of removal given by the statute to the board of health.

Therefore, the court did not err in sustaining the general demurrer to the petition, denying the injunction and dismissing the action.

Judgment affirmed.