CASE 83—ACTION BY TENNESSEE PAVING BRICK CO., AGAINST BARKER AND OTHERS, TO ENFORCE A LIEN FOR CONSTRUCTING A SIDEWALK UNDER CONTRACT WITH THE CITY OF SOMERSET.—DEC. 14, 1900.

(Omitted in former reports.)

# Tennessee Paving Brick Co. v. Barker, &c.
# Same v. Williams.

APPEAL FROM PULASKI CIRCUIT COURT—T. Z. MORROW, CIRCUIT JUDGE.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

STREET IMPROVEMENT—SIDEWALKS—CONTRACT WITH CITY—CONSTRUCTION OF STATUTE—PLEADING.

1. It is no defense to an action to enforce a lien for building a sidewalk, that the city council had failed to elect an engineer, as section 3558, Kentucky Statutes, is not mandatory in requiring

the election of an engineer, but merely confers that right on the city.

2. An allegation that the cost of constructing the sidewalk was duly apportioned against the owners of property fronting thereon, by the city council, is sufficient.

3. Section 3572, Kentucky Statutes, requiring a bond of a contractor, has no application to the construction of sidewalks.

4. An allegation that the city council passed the ordinance is sufficient, and conforms to Civil Code, section 122.

5. A failure to have an estimate made of the work, as required by Kentucky Statutes, section 3585, does not affect the liability of the property owner to pay for the construction of the sidewalk.

A. H. WADDELL and T. L. EDELEN, for appellant.

POINTS AND CITATIONS.

1. In an action to foreclose a lien for street improvements the substantive matters are: First. Did the city have power to make the improvements at the cost of the owner? Sec. 3567, Hackworth v. The Louisville Artificial Stone Co., 20 Ky. Law Rep., 1789. Second. Did the city pass an ordinance looking to that end? Sec. 3567, Preston v. Roberts, 12 Bush, 570. Third. Did the city make a contract pursuant to the statute? Fourth. Was the work done pursuant to contract? And fifth. Was the cost of it apportioned? Sec. 3569.

2. A bond from the contractor was not necessary, because sec. 3572 is not applicable to sidewalk construction or reconstruction, but if necessary, it was certainly not necessary to allege because section 3569 and section 3571 make such an allegation unnecessary.

3. The city of Somerset not having any board of public works, so much of the statute as requires that board to report to the council is clearly not applicable to the case at bar.

JAMES DENTON and CURD & SMITH for appellees.
    (No brief for appellees.)

Opinion of the court by JUDGE HOBSON—Reversing.

Appellant instituted this suit to enforce a lien on appellees' property for a sidewalk built in front of it under a contract with the city of Somerset. The court below sustained a demurrer to the petition. It is alleged in the pe-

tition that on March 18, 1895, the city council of Somerset, a city of the fourth class, passed an ordinance requiring and providing for the construction and reconstruction of the sidewalk in question; that the ordinance was duly approved by the mayor, and was passed and published as required by law. A copy of the ordinance is filed with the petition, duly certified. It is also alleged that pursuant to the ordinance the city council advertised for bids for the work in accordance therewith; that the Southern Construction Company made a bid pursuant to the advertisement, which was accepted by the council, and pursuant thereto a contract was made on April 15, 1895, which was afterwards reduced to writing and formally executed, ratified and confirmed by the city council, by which the bidder undertook the work; that the work was done pursuant to the contract by the contractor under the supervision of the engineer duly employed and empowered by the city to act as such, and after its completion was accepted by the council as having been done in accordance with the terms of the contract and ordinance above referred to; and thereupon the city council directed the clerk of the city to issue to the contractor apportionment warrants against the owners of real estate fronting said improvement according to the number of feet contained in the respective lots owned by the parties abutting said improvement; that in pursuance to the order of the city council the clerk issued the warrants which specified the names of the respective owners of the property and gave a short description of the real estate subject to the lien; that the cost of constructing the sidewalk was duly and properly apportioned against the owners of the property fronting thereon respectively by the board of council of the city, and the amount so apportioned, and for which warrants were issued, is the correct amount; that the contract was made, and the work performed by the

contractor in good faith and under the belief and by the representation of the city council that the contractor would have a lien against the property fronting the improvement for the payment of the work, but that the appellees refused to pay, claiming the city had no authority to make the contract, or to have the sidewalk built. Certified copies of the contract, the apportionment and all the proceedings of the council are filed with the petition. It is also alleged that after the work was done the contractor assigned the claims sued on to the Tennessee Paving Brick Company, and the suit is brought in the name of that company as well as the original contractor, the Southern Construction Company.

It is insisted for the appellees that the petition is insufficient, for the following reasons:

1. It is not alleged that the city council had elected a city engineer or that he had accepted the work.

2. The apportionment was made by the clerk and not by the city council.

3. No bond is alleged to have been given pursuant to section 3572, Kentucky Statutes.

4. It is not shown that the ordinance was passed as required by section 3567, Kentucky Statutes.

5. It is not alleged that an estimate was made by the council as provided by section 3585, Kentucky Statutes.

The case of Barker v. Southern Construction Company, 20 Ky. Law Rep., 796, 47 S. W., 608, is relied on to sustain the judgment of the court below; but it will be seen from an examination of that opinion that that case was not heard upon demurrer, but on the merits, and at the conclusion of the opinion it is in effect conceded that the petition stated prima facie a cause of action. We can not, therefore, regard that opinion as conclusive here.

We will, therefore, take up the objections to the petition in the order above stated:

1. Section 3558, Kentucky Statutes, makes it lawful for the city council to elect a city engineer, and to fix by ordinance his duties. Sections 3580-3587 provide for a board of public works, and where no board of public works has been established and the duties imposed on it are to be performed by the council and such other employes and agents as the council may elect or designate. The council is not required to elect a city engineer, and is expressly given power to define his duties when elected. It seems to be contemplated that in cities of this size it might not always be practicable to secure a competent person for city engineer. The council in the exercise of the plenary duties imposed upon it may, in its discretion, employ an engineer for a particular work, and his acts done under authority of the council, and accepted and approved by it, are as valid as if done by a regularly elected city engineer. The purpose of the statute is to confide in the council, as the ultimate governing body of the city, the selection of these subordinate agents, and when an engineer is employed by it and acts as city engineer, as in the case before us, his acts are certainly good as between third persons.

2. The petition in express terms charges that the cost of constructing the sidewalk was duly apportioned against the owners of the property fronting thereon by the city council. The general allegation of a fact like this is sufficient.

3. Section 3564, Kentucky Statutes, authorizes the original construction of any street, road, alley or avenue at the exclusive cost of the owners of lots fronting thereon, but the city may provide by ordinance that such original construction shall be paid by the city, either in whole or in part.

Vol. 119]        DECEMBER 14, 1900.                659

Tennessee Paving Brick Co. v. Barker, &c..      Same v. Williams.

Section 3565 requires the cost of reconstructing public ways, streets or alleys or repairing of the same and the cost of making footway crossings to be borne exclusively by the city. Section 3566 imposes the cost of making sidewalks, including curbing and guttering, whether by original construction or by reconstruction, exclusively upon the owners of the property fronting the improvements. It will thus be seen that the cost of making sidewalks, including curbing and guttering, whether by original construction or by reconstruction, is placed on a different plane from the cost of construction or reconstruction of streets, alleys, public ways and footway crossings. Section 3567 gives a lien for the cost of the original construction or reconstruction of public ways and sidewalks against the lots fronting thereon, and provides for its enforcement. In none of these sections is there any reference to a bond by the contractor. Sections 3568-3569-3570-3571 relate to the enforcement of the lien for improvements covered by the preceding sections. Then follows section 3572, which is the only one providing for a bond from the contractor. That section is as follows: "The original construction of any street, road, alley, market place, lane, public square or grounds, wharves, levees or avenues, may also be made at the exclusive cost of the owners of the lots and parts of lots or land fronting or abutting or bordering upon the ground so improved, to be equally apportioned by the board of council according to the number of front feet owned by them respectively upon the petition of the majority of the property owners of lots or parts of lots or grounds abutting or bordering upon the ground to be improved: Provided however, That the said board of council may cause the same to be done without petition from the owners of lots and parts of lots or land fronting or abutting or bordering upon the ground to be improved, is two-thirds

of the members elect of the said council at the regular meeting thereof, as provided in section 3567, shall concur therein. The said city council shall require the accepted bidder to execute a bond to the city with good and sufficient security, to be approved by said city council, for the faithful performance of his contract, and the contractor shall within ten days begin his work under said contract, and shall complete the same without delay."

It will be observed that this section does not in terms refer to "sidewalks," the exclusive cost of which, by section 3566, was placed upon the property owners. It will also be observed that the section uses the word "also" in the clause providing for the making of the improvements as though it was designed to provide an additional mode of procedure. It and sections 3573-3579, were added to the original act by the act approved March 24, 1894. Sections 3573-3577, provide when work is done under this plan, that bonds may be issued by the city to pay the contractor, and that the cost, when collected from the property owner, shall be paid into "the public improvement fund," and applied to paying the interest and principal of the bonds. No part of this amendment appears to refer to sidewalks. It would seem to refer only to those improvements named in section 3564, which the city was authorized to pay for in whole or in part, and to provide a means by which these might be made at the exclusive cost of the adjoining property owners. The cost of sidewalks by the existing law was placed wholly upon the property owners. The act was not designed to change this, but only to provide a proceeding in addition to those already provided by which the city might escape any part of the burden for other improvements of public ways. The bond from the contractor is required for the protection of the city in those cases where under this amendment the city would

be liable to the contractor for the payment of the work, and would have to look to the property owners to get the money back. We conclude, therefore, that the failure to require a bond of the contractor in this case was not an error upon the part of the city council, as sidewalks are not covered by this amendment.

4. Section 3567, Kentucky Statutes, contains this provision: "No ordinance for any original improvement mentioned herein shall take effect until it is passed by a yea and nay vote at two meetings of the board of council, at least two weeks apart, at least a majority of councilmen voting in the affirmative, unless said improvement is ordered by said board of council without petition from the property holders, in which two-thirds of the members elect of said board of council shall concur therein; and further, not until the ordinance as first passed shall have been published, as required by section 3487, unless said improvement be asked by a petition signed by persons owning a majority of the property liable therefor, when the ordinance may be passed at one meeting of said board by a majority yea and nay vote, but published nevertheless as required by section 3487."

Section 3569, also provides: "In all actions to enforce liens, as authorized by this act, a copy of the ordinance authorizing the improvement or work, a copy of the contract therefor and a copy of the apportionment, each attested by the clerk of the board of councilmen, shall be prima facie evidence of the due passage and approval of the contract, and shall be prima facie evidence of every other fact necessary to be established by the plaintiff in such actions to entitle him to the relief authorized to be given in this act."

A petition need only make out a prima facie case. The allegation that the council passed the ordinance is not a statement of a conclusion of law.

In Preston v. Roberts, 12 Bush, 570, this precise point was decided. The court said: "The allegation that an ordinance is passed was not the mere pleading of a conclusion, but a fact, just as an allegation that a party executed a deed, a note or other writing, or is the holder and owner of a bill of exchange or the like, without alleging the facts which show that he did execute the writing or which make him the owner and holder of the bill."

This concise form of pleading is in accord with section 122 of the Civil Code of Practice: "In pleading a judgment or determination of a court or officer it is not necessary to state the facts conferring jurisdiction; but it shall be sufficient to state that the judgment or determination was duly given or made."

The pleading before us conforms substantially to the requirements of the section, and is sufficient.

5. Section 3585, in regard to an estimate being made of the cost of work or material, relates to the board of public works, and is designed for the information of the council in cases like this. The failure to have this estimate made would not affect the liability of the property owner, for section 3567 makes this provision: "No error in the proceedings of the board of council shall exempt from payment or defeat said lien after the work has been done, as required by ordinance, but the board of council, or the courts in which said suits may be pending shall make all corrections, rules and orders to do justice to all parties concerned.

This statute was designed to prevent the claim of the contractor who had done his work honestly, and fully performed his contract, from being defeated by errors or irregularities in the proceedings of the city council, and should be liberally construed to promote its purposes. In a number of cases similar provisions in the laws governing the different classes

of cities have been upheld by this court, and under the principles so announced the objection on the ground that no estimate was made of the work can not be maintained. Before this statute was passed any material defect in the proceeding vitiated the lien and grave injustice was sometimes done to contractors holding really meritorious claims; while in other cases some property owners were made to pay too much for work because bidders were unwilling to undertake it on account of the risk of payment after it was done. The statute was designed to remedy these evils, and in all cases where the court can, by proper orders, do justice to all parties concerned, no irregularity or error of the council, as the failure to make an estimate, or take a bond or the adoption of an apportionment on an erroneous basis, so as to throw too much of the burden on certain property holders, will defeat the enforcement of the lien of the contractor to the extent that it is just and right.

The case of Barker v. The Southern Construction Company, above referred to, in so far as the expressions of that opinion are in conflict with the foregoing, is overruled.

Judgment in each cause reversed and cause remanded, with direction to overrule the demurrer to the petition, and for further proceedings consistent herewith.

The whole court sitting; Judge Guffy dissents.