CASE 12—ACTION BY G. L. LONDON AGAINST THE CITY OF FRANKLIN, &C., TO RECOVER THE FEES OF THE OFFICE OF CITY MARSHAL.— MAY 3.

# London v. City of Franklin, &c.

APPEAL FROM SIMPSON CIRCUIT COURT—S. R. CREWSDON, CIRCUIT JUDGE.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS.　AFFIRMED.

MUNICIPAL CORPORATIONS—CITY MARSHAL—REMOVAL—CITY COUNCIL— POWERS—STATUTES—CONSTITUTIONALITY.

1. Ky. St., 1903, sec. 3619, providing that the marshal and certain other city officers shall be appointed for a term of two years by the city council, but may be removed at the pleasure

. of the city council, does not limit the power of such council to
removals for cause only.

2. Kentucky Statutes 1903, sec. 3619, providing that city marshals and
certain other city officers shall be appointed for a term of two years
by the city council, but may be removed at the pleasure of the
city council, though authorizing removals before the expiration
of the term, without cause, is not in violation of Constitution,
sec. 160, requiring the General Assembly to prescribe the quali-
fications of all officers of towns and cities, "the manner in and
causes for which they may be removed from office," etc.

ROARK & FINN, ATTORNEYS FOR APPELLANT.

## POINTS AND AUTHORITIES.

1. A city council can only speak by its records. City of Paris
v. Lelleston, 22 Ky. Law Rep., 1506.

2. The city council can not summarily remove the marshal.
Constitution, sec. 160; Kentucky Statutes, 3619; Todd v. Dunlap,
18 Ky. Law Rep., 329.

3. London is the proper person to bring suit. Civil Code, secs.
480 to 488 inclusive; Wheeler v. Commonwealth, 17 Ky. Law
Rep., 636; Stine v. Berry, 16 Ky. Law Rep., 279; Willis v. Com-
monwealth, 19 Ky. Law Rep., 963.

4. The plaintiff should not have been required to elect. Gor-
ley v. City of Louisville, 20 Ky. Law Rep., 1606; Stone v. Can-
field, 21 Ky. Law Rep., 1641; Code, sec. 687.

5. The de jure officer can recover of the de facto officer fees and
salary. Wylie v. Thornton, 20 Ky. Law Rep., 1938; Rice v. Tevis,
21 Ky. Law Rep., 110; Kreitz v. Behnewsmeyher, 24 L. R. A.,
60; Code, sec. 488.

6. London can also recover salary from the city. Note to
Nebraska v. Milne, 19 L. R. A., 689; Ressenussen v. Carbon, 45
L. R. A., 295; Warrell v. Carr, 13 L. R. A., 177; Goresy case,
supra.

7. Williams was not even a de facto officer. Hallgreen v. Camp-
bell, 9 L. R. A., 909; Somerset v. Banking Co., 22 Ky. Law
Rep., 1130.

L. B. FINN AND G. W. WHITESIDES, ATTORNEYS FOR APPELLEE.

Our contention is that the office of city marshal is one of
legislative creation, and by section 3619, Kentucky Statutes, the
Legislature gave the city council in express terms power to re-
move him, and that it was not necessary for the board of council

to notify him or charge him with any misconduct unbecoming an officer (although the same could have been done), but it was only necessary for the city council to act within the legislative power and remove him "at their pleasure," which they did do.

### AUTHORITIES CITED.

Gorley v. City of Louisville, 104 Ky., 377; Am. & Eng. Ency. of Law (old edition), p. 660; Civil Code, sec. 484; Wheeler v. Commonwealth, 636; Kentucky Statutes, sec. 3619; South v. Comrs. Sinking Fund, 9 Ky. Law Rep., 478; .8 B. Mon., 648; Todd, Mayor v. Dunlap, &c., 99 Ky., 449.

OPINION OF THE COURT BY JUDGE HOBSON.—AFFIRMING.

Appellant was appointed marshal of the city of Franklin to fill out an unexpired term. After this, in June, 1903, the grand jury returned an indictment against him for fornication. On the first Monday in July he tendered to the council his resignation as marshal, to take effect upon his conviction of the offense of fornication. The council refused to accept the conditional resignation, and without notice to him or hearing entered an order removing him as marshal, and appointing appellee, Williams, to his place. He afterwards filed this suit against Williams and the city to recover the emoluments of the office for the remainder of the term on the ground that the order of the council was void.

Section 3619, Ky. St., 1903, provides: "The marshal, assessor, treasurer, clerk and city attorney shall be appointed for a term of two years by the city council, but may be removed at the pleasure of the city council." Section 3622 also provides: "Any vacancies occurring in any of the offices provided for in this chapter shall be filled by appointment of the city council." These sections are part of the act regulating cities of the fifth class, to which Franklin belongs. Section 160 of the Constitution contains this clause: "The General Assembly shall prescribe the qualifications of all

officers of towns and cities, the manner in and causes for which they may be removed from office and how vacancies in such offices shall be filled." It is insisted for appellant that under the constitutional provision officers of cities and towns may be only removed for cause, and that section 3619 of the statute, above quoted, must be construed to refer only to removals for cause, or, if not so construed, is unconstitutional. The language of the statute is that the officers named may be removed at the pleasure of the city council. These words have a well defined legal meaning. The right to remove at pleasure is an entirely different thing from the right to remove for cause. To hold that the statute only authorizes the council to remove for cause would be to deny the words used by the Legislature their ordinary meaning. This can not be done. Ky. St., 1903, sec. 460. It was held in Todd v. Dunlap, 99 Ky., 449, 18 R., 329, 36 S. W., 541, that the constitutional provision quoted applies to all officers of cities and towns, whether created by the Constitution or by statute, and in that case it was held that the power to remove arbitrarily was not vested in the mayor under sections 2781, 2794, Ky. St., 1903, governing cities of the first class. But the case turned on the construction of the statute, and no opinion was expressed as to the power of the Legislature to provide for removals at the pleasure of the city council.

In Lexington v. Rennick, 105 Ky., 779, 20 R., 1609, 1924, 49 S. W., 787, 50 S. W., 1106, it was held that section 161 of the Constitution, forbidding a change in the compensation of a municipal officer after his election or appointment and during his term of office, does not apply to officers who hold at the pleasure of the council. By section 160, other officers of towns and cities than those therein named may be elected by the qualified voters or appointed by the local authorities, as the General Assembly may by general law

provide; but when elected by the voters their terms of office shall be four years and until their successors are qualified. The length of the term of officers who are not elected by the people is not fixed by the Constitution. This may be regulated by the General Assembly. In creating the office of marshal of cities of the fifth class the General Assembly might, without violating any constitutional provision, enact that the office should be filled by appointment of the council, and held subject to its pleasure; for as to these subordinate officers the whole matter is left to the legislative judgment. If the statute in question had contained nothing about a term of two years, there would have been no question of its constitutionality. But what is said on this subject does not conflict with the other words used. Taken as a whole, the sense of the section is plain. Its meaning is that the officers named shall hold at the pleasure of the city council, but not longer than for a term of two years. The council is elected itself for two years, and for this reason their power of appointment is also limited to two years. But their appointees during the term hold at their pleasure. In other words, their appointments are subject to the pleasure of the council, but expire in any event after two years. The limitation of their appointment to two years does not make them any less at the pleasure of the council than they would have been if this limitation had been omitted. The purpose of the two-years limitation is to make the appointees of one council go out with it, or substantially so, and leave the new council entirely free to make its own appointments for its term. It was not designed to interfere in any way with the appointees holding at the pleasure of the council. To hold that the council can not, under the statute, remove the marshal at pleasure because of the constitutional provision, would be, in effect, to say that the Legislature can not, under

the Constitution, create inferior municipal officers to be appointed by the council, and to hold their offices at the pleasure of the council.

Judgment affirmed.