CASE 89.—ACTION BY CLARENCE W. PARSONS AGAINST JOSHUA B. F. BREED INVOLVING HIS RIGHT TO THE OFFICE OF CITY ENGINEER.—October 17.

# Parsons v. Breed

Appeal from Jefferson Circuit Court.

C. P. Branch, (1'Div.) EMMET FIELD, Judge.

Judgment sustaining a demurrer to the petition and plaintiff appeals—Affirmed.

1. Municipal Corporations—Special Charter—Implied Repeal.— The legislation for the incorporation and government of cities of the first class, adopted pursuant to Constitution, 1891, sections 166, 167, requiring the General Assembly to provide by general laws for the government of cities, etc., is in lieu of existing legislation on the subject, and repeals by implication a special charter given to a city of the first class.

2. Same—Officers—Public Works—Chief Engineer.—Ky. Stats., 1903, section 2810, providing that each executive board of cities of the first class may appoint a chief of each department under its control, and empowering the board of 'public works to appoint a chief engineer, adopted in obedience to Constitution, 1891, sections 166, 167, requiring the General Assembly to provide by general laws for the government of cities, etc., repeals the special charter of Louisville, creating the office of principal engineer, providing for the manner of filling it, and its term.

3. Same—Removal of Engineer.—The office of chief engineer is created by Ky. Stats., 1903, section 2810, empowering the board of public works in cities of the first class to appoint a chief engineer, and the officer is a chief of a department under the control of the board of public works, and removable by it without notice and without cause.

4. Officers—Tenure—Removal.—Where neither the Constitution nor the statutes fix the term of office, the appointee holds at the pleasure of the appointing power, though it attempts to fix a definite term.

5. Municipal Corporations—Board of Public Works—Chief Engineer—Term of Office.—The board of public works of a city of the first class created by Ky. Stats., 1903, section 2824, and empowered by section 2810 to appoint a chief engineer, has no power to appoint a chief engineer for a fixed term, but he is removable at the pleasure of the board.

R. N. MILLER and THUM & CLARK for appellant.

## POINTS AND AUTHORITIES.

1. C. W. Parsons was lawfully appointed chief engineer of Louisville for a term of four years.

The board of public works had power to appoint him. The Legislature had power to delegate to this board the power to so appoint him. (23 Am. & Eng. Enc., 404-5; Brown v. Holland, 97 Ky.) The Legislature did so delegate this power, which is ample. (Ky. Stats., section 2810.) The board exercised this power and appointed him on December 10, 1901, for a term of four years.

The four-year term may be supported on either of the following entirely independent grounds:

1. The act of March 3, 1870, as amended by that of March 10, 1882, fixes the term at four years beginning November, 1885 (see Burnett's Code, pp. 271 and 473), and this act was not abrogated by the mere provision for appointment in the act of February 9, 1894, amending the charter act of cities of the first class ,Act of July 1, 1893), which, on the contrary, incorporated with it the existing legislation establishing a term.

(a) There was no express repeal.

(b) There was no implied repeal.

(c) Repeals by implication are not favored. (Beatty v. Commonwealth, 91 Ky., 313; Mauget v. Plummer, 107 Ky., 41; 26 Am. & Eng. Enc. of Law, 721; Commonwealth v. Mason, 82 Ky., 256; City of Louisville v. Young, 65 S. W., 599.)

(d) Nor does a general act necessarily repeal former acts within its possible scope. There is no such repeal when the subject of the earlier act is left out entirely, as it was here in the charter act, nor when no attempt is made to provide completely therefor. (Mauget v. Plummer, Sheriff, 107 Ky., 41; Commonwealth of Ky. v. Grinstead & Tinsley, 108 Ky., 59; Pearce v. Mason Co., 99 Ky., 357; Constitution, section 1 of syllabus; Newman v. Ecton, 14 Ky. Law Rep., 793; Isenberg v. Selvage, 103 Ky., 260; Brown v. Holland, 97 Ky., 249; Sales v. Barber Asphalt Paving Co., 66 S. W., 979.)

Parsons v. Breed.

(e) Such an act as that of February 9, 1894, is regularly construed as relating to the previously established term. (Mechem on Public Officers, 385, 120 citing Speed v. Crawford, 3 Met., 207; 23 Am. & Eng. Ency. of Law, 404; 13 id., 409-10; Hoke v. Richie, 100 Ky., 66; State v. Hyde, 121 Ind., 20, in addition to the cases cited above.

(f) Even if there had been an intention to create an office for good behavior, the courts will construe such an act, in order that it may not be unconstitutional, to mean a term of years. (Constitution, section 23; Newmeyer v. Krakel, 23 Ky. Law Rep., 190; 62 S. W., 523.)

(h) There was a vacancy. (Mechem, section 124.) Parsons had aready been holding four years and there had been no appointment but the one he claims under during that time; a four-year term must have expired sometime during this four years, leaving Parsons as hold-over officer, and a vacancy to be filled.

(i) The constitutional provision made this term, as well as that of other offices, end in November, 1893, which would leave the office vacant with the last of November, 1901; also if the term be deemed to have started December 10, 1897, there would equally be a vacancy on December 10, 1901. (See also, Commissioners v. George, 47 S. W. 779, 104 Ky.; McArthur v. Nelson, 81 Ky., 67; Hoke v. Richie, 100 Ky., 6; 23 Am. & Eng. Ency. of Law, 411 McGee v. Gill, 79 Ky., 106; Wheeler v. Commonwealth, 98 Ky., 59; Mechem on Public Officers, section 113: Mechem on Public Officers, sections 125 to 128; 23 Am. & Eng. Ency. of Law, 417; People v. Randell, 151 N. Y., 497; Hopkins v. Swift, 100 Ky., 14; People v. Opel, 188 Ill., 194; Mechem on Public Officers, sections 127 to 132; 108 Tenn., 82.)

(j) There was no vacancy on December 18, 1901, when the attempt was made to appoint J. B. F. Breed, the office having been filled. (Mechem on Public Officers, section 113; State v. Starr, 67 Atl., 512, 78 Conn., 636.)

(k) Even if the provisions enacted prior to the passing of the amendment of February 9, 1894, had been done away with by said act (and we maintain there is no real basis for contending that they were) the Legislature has by conferring the power of appointment, delegated to the board of public works the power to fix the term. (23 Am. & Eng. Ency. of Law, 405, citing State v. Williford, 104 Tenn., 695; State v. Manlove, 33 Tex., 798; see also, 3 Ill., 79; Lahar v. Eldridge, 77 N. E., 635; 190 Mass., 504.)

(l) They have done so under this power, and made an appointment at a time when, as shown before, there was a vacancy.

Parsons v. Breed.

2. There was no power to remove the chief engineer at will. Section 2810 conferred no such power expressly and no such power is implied in the power to appoint.

1) No power to remove was given by the original act of 1893.

(2) No power was given by the amendment of February 9, 1894.

(a) See the act and preamble. (Acts, 1894, p. 9, the preamble not being contained in the Ky. Stats.) No need would have existed for this enactment if the chief engineer had been a chief of a department and removable at will.

(b) The implication of the language in these acts negatives a power of removal in this board.

(c) The city engineer is a municipal officer of independent powers and not a mere employe of the board of public works.

(d) No power of removal is implied by law from the power of appointment, because a method of removal is expressly provided by statute. (Ky. Stats., section 2781; Mechem on Public Officers, section 446.)

(e)Nor can a term officer be removed without cause, unless power is expressly given. (Todd v. Dunlap, 99 Ky., 449; Commonwealth v. Arnold, 3 Lit., 309; 23 Am. & Eng. Ency. of Law, 437.) The chief engineer is undeniably a municipal officer. (Wilson v. City of Louisville, 99 Ky., 698; Lowry v. City of Lexington, 113 Ky., 763.)

(f) There is no public policy which prevents an outgoing board from appointing an officer whose term extends into the term of a succeeding board, provided there is a bona fide vacancy and a term to be filled, and provided the act of the outgoing board is not an anticipation of a non-existing vacancy which would fall in during the term of the succeeding board.

(g) It is the duty of the board to fill a vacancy which actually occurs during its term, and this record shows that the course adopted with respect to this office has been for the outgoing board to appoint the next chief engineer for a term of four years, the policy of the law appearing to be to make said office independent as to term. (Anderson v. City of Camden, 55 N. J. L., 515; State v. Lane, 51 N. J. L., 275.)

KOHN, BAIRD, SLOSS & KOHN for appellee.

POINTS AND AUTHORITIES.

1. The chief engineer of the city of Louisville is neither a constitutional nor an elective officer, nor is his term fixed by law. By the act creating the position he is removable at pleasure. (Constitution, section 160; Ky. Stats., 2810.)

(a) The power of removal is incident to the power of appointment when no fixed term is provided. (Mechem on Public Officers, 445, 454; Johnson v. Ginn., 20 Ky. Law Rep., 1475; Campbell Co. v. Trapp, 23 Ky. Law Rep., 2356.)

(b) The statute authorizes his removal at pleasure. (Board of Council of Frankfort v. Brauner, 100 Ky., 66; Tennessee Paving Co. v. Barker, 22 Ky. Law Rep., 1069; Riffe v. Tinley, 103 Ky., 631; Lexington v. Rennick, 105 Ky., 779; London v. The City of Franklin, 118 Ky., 105; Mechem on Public Officers, p. 387; Rogers v. Congleton, 27 Ky. Law Rep., 109.)

2. The act of 1882 on the subject of the city engineer was part of the old charter. By section 166 of the Constitution it was repealed upon the adoption of the new charter in 1893, and would have been repealed in any event and without any new legislation on the 1st of January, 1895. (Board of Park Commissioners v. DuPont, 110 Ky., 743.)

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR— Affirming.

The statute providing for and regulating the government of cities of the first class contains the following (section 2810, Ky. St. 1903): "Each of said boards may appoint and, at pleasure, remove a chief of each department under its control. The board of public works shall have the power to appoint a chief engineer for the city and such subordinate engineers as may be necessary; provided, that all applicants for the position of chief engineer shall first be examined by a board of three competent civil engineers, to be elected by the general council, and that no applicant who fails to pass an examination satisfactory to said board of examiners shall be eligible to the office of chief engineer, and no person shall hold the position of chief engineer until he shall have first passed said examination. In all cases where the examination is made in writing, all the papers shall be filed of public record with the secretary of the board of public works. The general council shall

have the power to fix the compensation of the said board of examiners; provided, further, that no person employed in the capacity of civil engineer, deputy, or any other capacity, under the board of public works, or in the capacity of civil engineer under the employment of the city government, except the chief engineer above provided for, shall receive a salary in excess of one thousand five hundred dollars per annum. Subordinate officers and employes may be removed or punished by the board on the recommendation of the chief of the department concerned for cause, subject to such regulations as may be prescribed by ordinance or by the board. The cause for the removal of any subordinate as aforesaid must be stated in writing, and be transmitted to the board, and the board may, in its discretion, retain or dismiss such subordinate. No officer or employe shall be removed for political causes. Interference in elections, electioneering or canvassing by any officer or employe of said board shall be cause for instant removal.'' This statute became a law July 1, 1893, at the first session of the Legislature after the adoption of the present Constitution, except that part of the section quoted relating to the chief engineer and his assistants. That was added by an amendment, re-enacting the section as now printed, in 1894. Prior to the present Constitution, Louisville, as well as all other cities, was governed by charters specially granted by the Legislature. There had existed for many years an office in Louisville known as principal engineer, the duties of which were substantially the same as now performed by the chief engineer. By the act of March 10, 1882, the term of the office was made four years and the official elected by the council. The contention of appellant in this case is that the act

of 1894, amending Kentucky Statutes, 2810, supra, recognized the continued existence of the office of chief engineer, and provided a different method of filling it. The Constitution of 1891 contains a radical change in our system of municipal governments. They are now well governed by general laws, applicable uniformly to all cities of the same class. Section 166 of the Constitution provides that all acts of incorporation of cities and towns theretofore created, and all amendments thereto, shall continue in force until such times as the General Assembly shall provide by general laws for their government, but not longer than four years after January 1, 1891, within which time the General Assembly was required to provide by general laws for the government of towns and cities and the officers thereof, except as provided in section 167. By the latter section all city and town officers were to be elected or appointed until the general election in November, 1893, and until their successors were qualified, at which time their terms should expire, and that at that election, and thereafter as their terms expired, all officers required to be elected by the Constitution, or by general laws conforming to it, were to be elected in November, excepting certain police judges. It was in pursuance to this mandate of the Constitution that the general law of 1893 and its amendments governing cities of the first class were passed. The system adopted by that legislation was new, complete, and in many instances materially, if not radically, different from the special charters previously governing Louisville, the only city of its class. The manifest purpose of the Convention was to begin anew the municipal governments of the Cities of the Commonwealth, to abrogate all special legislation as speedily as possible, and cer-

tainly within four years, that had been passed to govern them. The new legislation was not only required by the Constitution to be, but was designated by the Legislature to be, in lieu of all that had theretofore existed on the subject, by every implication repealing the old charters in all their features. Nor was it necessary to specifically enumerate all the matters repealed. The old system was repealed ipso facto, by the general new legislation adopted on the subject of charters of cities of the first class, in obedience to the constitutional mandate. Board of Park Commissioners v. Du Pont, 110 Ky. 743, 20 Ky. Law Rep. 106, 62 S. W. 891. This repeal included the statute creating the office of principal engineer, the manner of its being filled, and its term.

The new charter of cities of the first class (Acts 1893) provided a board of public works, composed of three members (section 2824, Ky. Stats. 1903), who had exclusive control over the construction and maintenance of public ways, sewers, lighting, and public buildings. Other boards are provided for the administration of other departments. Prior to 1901 the board of public works had appointed appellant as chief engineer; the appointment having been made under section 2810, supra. A new administration was elected in 1901. The new mayor appointed a new board of public works; but before it was inducted into office the old board by resolution elected appellant to the office of chief engineer of the city for a term of four years. The new board when it came into office a few days later removed appellant without notice, cause, or trial, and elected appellee to the office. This suit resulted. It was brought by appellant, claiming that he was the legal incumbent of the office, and charging that appellee was illegally setting up claim

to it, and hindering appellant in the discharge of his official duties. A demurrer was sustained to his petiton, and it was dismissed.

The question for decision is the power of the board of public works to remove appellant, as was done. We are of opinion that the office of chief engineer was created by the amended section 2810, Ky. Stats. 1903, and he was "a chief of a department" under control of the board appointing him. His term of office was not fixed, but, as expressed in the statute, was at the pleasure of the appointing board. He was liable to removal at any time, without notice, and without cause, other than the pleasure of the board. Mechem on Public Officers, 445, 454, states the rule of law, as frequently applied by this court, as follows: "Where the tenure of the office is not fixed by law, and no other provision is made for removal, either by Constitution or by statute, it is said to be a sound and necessary rule to consider the power of removal as incident to the power of appointment. * * *" And: "In those cases in which the office is held at the pleasure of the appointing power, and where the power of removal is exercisable at its mere discretion, it is well settled that the officer may be removed without notice or hearing." Johnson v. Ginn & Co., 105 Ky. 654, 20 Ky. Law Rep. 1475, 49 S. W. 470; Tennessee Paving Co. v. Barker, 119 Ky. 654, 59 S. W. 755, 22 Ky. Law Rep. 1069; Campbell County v. Trapp, 113 Ky. 119, 67 S. W. 369, 23 Ky. Law Rep. 2356; Board of Council of Frankfort v. Brawner, 100 Ky. 166, 37 S. W. 950, 38 S. W. 497, 18 Ky. Law Rep. 684; Riffe v. Tinley, 103 Ky. 631, 45 S. W. 1046; London v. City of Franklin, 118 Ky. 105, 23 Ky. Law Rep. 2306, 80 S. W. 514. The rule is different where the officer is one provided for by the Constitution,

or who had a fixed term of office. Todd v. Dunlap, 99 Ky. 449, 36 S. W. 541, 18 Ky. Law Rep. 329. But, where neither the Constitution nor statute fixes the term of office, the appointee holds at the pleasure of the appointing power, although it was attempted by the apppointing power to fix a definite term. Johnson v. Cavanah, 54 S. W. 853, 21 Ky. Law Rep. 1246. The matter of municipal government is becoming more a matter of business, and is conducted more upon business methods than of statecraft. Public administrative boards are taking the places of legislative bodies in many matters, and agents or employes are used, instead of officials having rights above the public whom they are chosen to serve. The administration of the business of a city government would be materially hampered if an outgoing administration could fill all the positions provided for administering the government with persons not in accord with, and not directly answerable to, the responsible head of the new administration. For this reason, based upon public policy, the strained construction contended for by appellant ought to be denied, even if the law were not as plainly against his contention as we think it is.

We agree with the circuit court that the resolution of the old board electing appellant for a term of four years was void as far as it attempted to fix a term; and that he was removable at the pleasure of the board, without notice, cause, or trial.

Judgment affirmed.