## Shanks, Auditor of Public Accounts v. Charles J. Howes, Chief Clerk of The Kentucky House of Repesentatives.

(Decided May 18, 1926.)

### Appeal from Franklin Circuit Court.

1. Officers—"Public Officer" is One Invested with Portion of Functions of Government to be Exercised for Public Benefit, Whether Term is Fixed or at Will.—"Public officer" is an individual vested with a portion of the functions of the government to be exercised for the public benefit, whether his term of office be fixed or at the will of the creating power.

2. Officers.—Constitution, section 249, prohibiting General Assembly employing more than one chief clerk, one assistant clerk, etc., does not create positions or require their filling.

3. Officers—Chief Clerk of the House of Representatives is a "Public Officer" Within Provision Forbidding Changing Salaries of Officers During Term of Office (Constitution, Sections 40, 46, 235, 249; Kentucky Statutes, Sections 1988, 1989, 1989a-1, 1989a-3, 1990-1992).—Chief clerk of the house of representatives is a "public officer" within the meaning of Constitution, section 235, forbidding change of salaries of officers during their term of office, as under section 40 and Kentucky Statutes, sections 1988, 1989, 1989a-1, 1989a-3, 1990-1992, he has the duty of keeping the daily journal, which is a function of government, in view of Constitution, sections 46, 249.

4. Officers.—Whether public officer has a fixed term of office can be determined only by reference to law creating the office.

5. Officers.—Where term of office is not prescribed by law, appointing power may remove officer at pleasure without notice or hearing.

6. Officers—Chief Clerk of House of Represetnatives Not Within. Prohibition Against Change of Salary During Term, and Hence Act Increasing Salary Not Invalid (Constitution, section 235; Kentucky Statutes, Section 1991, Re-enacted by Act 1926).—Chief clerk of house of representatives holds office at pleasure, not. for a fixed term, as neither Constitution nor statutes fix the term. of office, and Constitution, section 235, prohibiting change of salary during term, does not apply to him, and hence Act of 1926,. re-enacting Kentucky Statutes, section 1991, and increasing salary,. is not invalid.

7. Constitutional Law—General Assembly has Authority to Enact. Any Legislation which is Not Prohibited by State or Federal Con- stitution.—Kentucky General Assembly may enact any legislation which is not prohibited by state or federal Constitution.

8. Constitutional Law—Statutes.—Statute Increasing Salary of Chief Clerk of House of Representatives Does Not Impair Obligation of Contract, is Not Ex Post Facto Law, and, Though Retroactive, is. Not Invalid (Act 1926, Re-enacting Kentucky Statutes, Section 1991).—The Act of 1926, re-enacting Kentucky Statutes, section 1991, increasing salary of chief clerk of house of representatives,. does not impair the obligation of contract, is not an ex post facto law, and, though retroactive, is not invalid for that reason.

9. Constitutional Law.—Wisdom and expediency of statute is exclu- sively for the legislative department, and is no proper concern. of court.

.FRANK E. DAUGHERTY, Attorney General, and OVERTON S.. HOGAN, Assistant Attorney General, for appellant. ￼

LESLIE W. MORRIS for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

At the 1926 session of the General Assembly section 1881, Kentucky Statutes, was repealed and in lieu of it a new section was enacted, by which, among other things,. the salary of the chief clerk of the house of representa- tives was increased from $8.00 per day, as fixed by the repealed statute, to $26.00 per day, as fixed by that en- acted in lieu of it. The act by express terms was made retroactive so as to make the increase in salary effective from the date at which that session of the legislature began its labors. Throughout that session of the legisla- ture, appellee, Charles J. Howes, under election by it, served as chief clerk of the house of representatives. Under the provisions of the new act he demanded that

appellant, W. H. Shanks, auditor of public accounts of the Commonwealth of Kentucky, draw in his favor a warrant upon the treasurer for the amount of his salary as fixed by it. The auditor, to test the validity of the act in question, declined to do so. This action was thereupon instituted to compel the auditor to issue the warrant under the new act. The trial below resulted in a judgment upholding the validity of the act in question and adjudging that under its terms, appellee, as chief clerk of the house for the 1926 session of the General Assembly, was entitled to pay at the rate of $26.00 per day. The auditor was directed to issue a warrant accordingly. This appeal is prosecuted from that judgment.

The validity of the act in question is challenged upon the ground that it is in conflict with the provisions of section 235 of the Constitution of Kentucky, which reads:

"The salaries of public officers shall not be changed during the terms for which they were elected; but it shall be the duty of the General Assembly to regulate, by a general law, in what cases and what deductions shall be made for neglect of official duties. This section shall apply to members of the General Assembly also."

The controversy as to whether or not the chief clerk of the house of representatives is a "public officer" within the provisions of that section of the Constitution is twofold; first, whether or not he is a "public officer" in any event in contemplation of that section of the Constitution; and, second, whether, if so, he is brought within its terms by having a fixed term of office. The rule for determining who are "public officers" was written in these words, in City of Louisville v. Wilson, 99 Ky. 598:

"There are various tests by which to determine who are officers in the meaning of the law, but at last, in case of uncertainty, the intention of the lawmakers control. To constitute an officer it does not seem to be material whether his term be for a period fixed by law or endure at the will of the creating power; but if an individual be invested with some portion of the functions of the government, to be exercised for the benefit of the public, he is a public officer. (Meacham on Public Offices, section 1)."

See also Fox v. Lantrip, et al., 162 Ky. 178, 172 S. W. 133; and Lowry v. City of Lexington, 113 Ky. 763, 68 S. W. 1109, 24 Rep. 516.

Section 40 of our Constitution provides that each house of the General Assembly shall keep and publish a daily journal · of its proceedings, requiring in certain cases that the yea and nay vote of the members shall be entered on the journal. Section 46 of the Constitution provides the method by which bills introduced may be passed by the General Assembly and become the law of the state. A consideration of the provisions of those sections will disclose the part played by the journals of the two houses in the passage of the acts of our General Assembly. By section 249 of the Constitution, the General Assembly is expressly denied the right to elect, appoint, employ or pay for exceeding one chief clerk, one assistant clerk, one enrolling clerk, and a fixed number of other officers and emloyees. Merely superficial examination of the language of that section will disclose that the positions and offices therein mentioned are not thereby created and required to be filled by the legislature. The section is merely an inhibition against the legislature creating more of such officers and positions and electing or employing more officers or employees to fill them than are there named. The office of chief clerk of the house of representatives is created by section 1988 of the Kentucky Statutes, and the duties of the office are fixed by section 1989, by which, among other things, the duty of keeping the journal, which section 40 of the Constitution, *supra,* provides shall be kept, is imposed upon him. When the duties imposed upon the chief clerk of the house of representatives by section 1989, Kentucky Statutes, are considered in connection with the important and necessary part which his duties play in the enactment of bills introduced into the legislature into the laws of the Commonwealth, as provided for by sections 40 and 46 of the Constitution, it is patent that that official is invested with a most important portion of the functions of the government which are exercised by him for the benefit of the public. The Constitution itself requires that the journal be kept, in connection with that most important of all the functions of the legislative department of our state government, the enactment of our laws. The duty of keeping the daily journal of its proceedings is the chief duty of the chief clerk of the house. Since he is invested with that most important portion of the functions of the government,

that is, performs a constitutionally required and indispensably necessary part in the enactment of our laws, we have no difficulty in reaching the conslusion that the chief clerk of the house of representatives is a "public officer" within the meaning of that term as used in section 235, of the Constitution.

Careful consideration of the provisions of section 235, of the Constitution, however, will disclose that the inhibition against changing the salaries of "public officers" relates not to all "public officers" but only to such of them as have fixed terms of office. In other words, though one be a "public officer," yet, unless his term of office be fixed by law and his election or appointment be for such fixed term, the inhibition of section 235 of the Constitution does not relate to him. That question was first dealt with by this court in City of Lexington v. Renick, 105 Ky. 779, 49 S. W. 787, 20 Rep. 1609, and the conclusion above stated was there reached. The question was fully considered in that opinion and it is referred to for a more extended discussion of the question now under consideration. The construction there given that section of the Constitution has been followed in London v. City of Franklin, 118 Ky. 105, 80 S. W. 514, 25 Rep 2306; Parsons v. Breed, 126 Ky. 759, 104 S. W. 766, 31 Rep. 1136; and Commonwealth v. Ewald Iron Company, 153 Ky. 116, 154 S. W. 931, and has never been departed from.

It follows, therefore, that though the chief clerk of the house of representatives be held to be a "public officer," section 235 of the Constitution, which prohibits changing the salaries of "public officers" during the terms for which they were elected, does not relate to him and his office, unless the office as created has a fixed term during which one elected to it performs its duties, exercises its powers, enjoys its emoluments and is burdened with its responsibilities. On that question there is sharp controversy between appellant and appellee. The question can be determined only by reference to the law creating the office.

As above stated, section 249 of the Constitution, which limits the power of each house of the legislature to elect, appoint, employ and pay for not exceeding the number of officials and employees therein named does not create or attempt to create any of these offices. No other section of the Constitution creates the office of chief clerk of the house or representatives or fixes the term for

which that office shall be filled.  The office is created by
section 1988, Kentucky Statutes, and sections 1989 and
1989a-1-3, and sections 1990, 1991 and 1992 relate to it.
Reference to all of the sections of the statute creating
and relating to the office in question discloses that no-
where is there any term fixed during which one elected
to fill it may exercise its prerogatives and be charged
with its responsibilities.  Where the duration or term of
an office is not prescribed by law, it is the uni-
versal rule that the power to remove is an incident of the
power to appoint.  One filling such an office is regarded
as holding not for a fixed term, but at the pleasure of the
appointing power.  In such cases the power of removal
is wholly in the discretion of the appointing power and
the officer may be removed without notice or hearing.
Those principles have been enunciated by this court in
Parsons v. Breed, 126 Ky. 759, 104 S. W. 766, 31 Rep.
1136; Johnson v. Ginn, 105 Ky. 654, 20 Rep, 1475; Ten-
nessee Paving Company v. Barker, 22 Rep. 1069, 119 Ky.
654; Campbell County v. Trapp, 23 Ky. L. R. 2356; Board
of Councilmen of Frankfort v. Brawner, 18 Rep. 684, 100
Ky. 166; Riffe v. Tinley, 20 Rep. 281, 103 Ky. 631; Lon-
don v. City of Franklin, 25 Rep. 2306, 118 Ky. 105.

In view of the fact that there is found no provision
either of our Constitution or of our statutes fixing a term
of office during which the chief clerk of the house of rep-
resentatives shall hold that office, perform its duties, be
charged with its repsonsibilities and enjoy its emolu-
ments, under our opinions above, it follows that the pro-
vision of section 235 of the Constitution which pro-
hibits the changing of the salary of a "public officer"
during the term of office for which he was elected, does
not relate to that office or officer, because he has no term
of office, holds his office at the will and pleasure of the
power appointing him, and may be summarily removed
at any time without notice and without cause.  No other
section of the Constitution prohibits the General Assem-
bly from changing the salaries of such officers at any
time.

The General Assembly has authority to enact any
legislation which is not prohibited by some provision of
the state or federal Constitution.  The powers of the
General Assembly and of the Congress of the United
States in that particular differ in that the former may
exercise all power not withheld by the State Constitution,

while the latter may exercise only such power as is granted by the federal Constitution. Boone County v. Town of Verona, 190 Ky. 430, 227 S. W. 804; Griswold v. Hepburn, 2 Duv. 20; Rhea, Treasurer v. Newman, 153 Ky. 604; L. & N. R. R. Company v. Herndon's Admr., 126 Ky. 589; Banks v. Commonwealth, 145 Ky. 800. Under that principle and in view of the fact that section 235 of our Constitution does not relate to the office and officer in question, and since no other section of the Constitution withholds the power, the General Assembly had authority to enact the law of 1926 changing the salary of the chief clerk of the house of representatives from $8.00 to $26.00 per day. With the wisdom and expediency of the act the court may not properly concern itself, since those are questions addressing themselves to the discretion of the legislative department alone.

The conclusions above answer all of the questions raised as to the validity of the act in question when tested by the Constitution. It is conceded that the General Assembly had authority to make the act retroactive as to the time when the increased salary became effective unless forbidden by some section of the Constitution. That authority arises from the principle of law above referred to that the General Assembly may enact any legislation not prohibited by the Constitution. Authority to enact retroactive legislation, provided some constitutional inhibition does not prevent it, has been recognized by this court in Henderson & Nashville R. R. Company v. Dickerson, 17 B. Monroe, 173; Levi v. City of Louisville, 96 Ky. 595, 29 S. W. 451, 27 L. R. A. 560, 49 Am. St. Rep. 309; Eastern Ky. Coal Lands Corp. v. Commonwealth, 78 Ky. 667, 106 S. W. 260, 108 S. W. 1138; Watts v. Commonwealth, 78 Ky. 329; Maverick Oil & Gas Company v. Howell, 193 Ky. 433, 237 S. W. 40. The section forbidding the enactment of any law impairing the obligation of contracts and affecting rights vested thereunder stands oftener than any other as a barrier to retroactive legislation, but is not available to appellant since there is no question of obligation of contract here involved. The section forbidding the enactment of *ex post facto* laws stands as a barrier to retroactive effect being given to laws imposing penalties and inflicting punishment; but that question is not here. Section 235 of the Constitution does not stand in the way as hereinbefore pointed out. In fact, no constitutional prohibition may be found which withholds from the General Assembly at any session au-

thority to change the salary of its chief clerk and to provide by the act so doing that it shall be effective for the full term of that particular session. That is what was done by the act now in question, and, since no provision of the Constitution forbade it, the act is constitutional and valid.

The judgment appealed from herein is wholly in accord with this court's conclusions as to the validity of the act in question, and, therefore, it will be affirmed.

Judgment affirmed.

The whole court sitting.