## Jones, et al. v. J. E. Cassidy, Mayor, et al.

(Decided September 23, 1913).

### Appeal from Fayette Circuit Court.

1. Commission Form of Government Act—Continuation of Employment of Persons Holding Under Former Government—Resolution.—Construction of Act.—Following the election of November, 1912, when the City of Lexington voted to adopt the Commission form

of Government, on January 6, 1913, at their first meeting, the
Board of Commissioners resolved to continue in employment all
persons who held under the former government and at the same
salary. To an action by certain taxpayers of the city attacking the
validity of the resolution and seeking to restrain the payment of
such salaries, the lower court sustained a demurrer and refused to
issue any restraining order. Held, it must be presumed that all
officers and servants of the city under the former administration
were duly appointed, and were acting and receiving compensa-
tion by virtue of ordinances regularly enacted by rightful author-
ity. There is nothing inconsistent with the Act of 1910, if they
shall continue to serve the city until their term of service expires,
unless the Act ipso facto discharges them, and there is nothing
in the act that can be so construed unless it is section 4, and it
clearly refers to elective officers, and affects only the office.
Its purpose was to change the tenure of the office, and not the
term of the officer.

2. Commission Form of Government Act—Resolution by Commission-
ers Providing for Continuance of Employees.—The resolution was
merely a declaration or affirmation of the effect of the old or-
dinances still in force, and was unnecessary, for under the old
ordinances and resolutions these former servants continue in the
employ of the city, and at the same salary, as agents, not officers,
until the laws and ordinances affecting their employment or ap-
pointment theretofore in force are altered or repealed by the Com-
missioners.

J. A. EDGE for appellants.

JAMES G. DENNY for appellees.


OPINION OF THE COURT BY JUDGE NUNN—Affirming.

At the November, 1911, election the people of the
city of Lexington voted to go under the Commission
Form of Government, as permitted by chapter 50 of the
Acts of the 1910 Legislature.

On January 6, 1913, at their first meeting, the Board
of Commissioners, by a majority vote, on motion resolved
to continue in employment all persons who held under the
former government, and at the same salary, or compen-
sation.

The appellants, taxpayers of the city, filed this action
attacking the validity of the resolution so passed by the
commissioners, and denying the right of any such offi-
cials or employees to any salary or compensation there-
under, and sought to restrain the commissioners and the
city treasurer from paying them. Except the elective
officers named in section 4 of the act, and those whose

offices were not abolished until the term of the encumbent expired, it will be seen that the action involved the entire administrative force of the city.

The lower court sustained a demurrer to the petition, and refused to issue any restraining order. Had the court granted the relief prayed for its effect would be to leave the city without a fire department, or any police, sanitary, engineering, auditing, clerical or other servants or employees. In fact the city government would have been a mere form, or framework, ineffective, and unserviceable. We are asked to review the case and say that the rulings of the lower court were erroneous.

The sections of the act, pertinent to the inquiry, are as follows:

2. All laws applicable to and governing cities of the second class and not inconsistent with the provisions of this act, shall continue to apply to and govern each city that may organize under this act. And all by-laws, ordinances, and resolutions in force in any such city, and not inconsistent with the provisions of this act, shall continue to be in force until altered or repealed in the manner provided for in this act.

4. All the present city offices, save those of mayor and police judge, shall, at the expiration of that year, which shall next follow the year in which said election is held, be *ipso facto* abolished.

14. Every ordinance or resolution ordering the construction or re-construction of any street or sewer, or making or authorizing any contract involving the expenditure of more than one thousand ($1,000) dollars, or granting any franchise or the right to use or occupy the streets, highways, bridges or public places of the city for any except a merely temporary purpose shall after its introduction and before its adoption remain on file at least one week for public inspection in the completed form in which it shall be put upon its final passage; and no such ordinance or resolution shall go into effect until the expiration of ten days after its passage; except in case of emergency, the public health or safety shall require that it take immediate effect, which fact shall be declared by the unanimous vote of the Board of Commissioners.

19. The Board of Commissioners shall also at its first meeting, or as soon thereafter as may be practicable, appoint all such employees as may be necessary for the proper and efficient conduct of the affairs of the city.

All such employees shall be agents, not officers of the city; and they shall perform such duties, and for such compensation as the Board of Commissioners may by ordinance prescribe. * * *

The time at which city officers were abolished, that is, the expiration of the year following the Commission Government election, referred to in section 4, is January 1, 1913. By section 11, the Commissioners' term of office begins on the first Monday in January following their election, so that in this case they took up the duties of their office on January 6, 1913. If section 4 abolished the *officers* as well as the offices, then there is a lapse here of six days in the city government, and if the employment of agents to take their place is such a contract as section 14 contemplates, involving the expenditure of more than $1,000, and requiring an ordinance to validate, then, the commissioners failing to vote unanimously that an emergency exists, there is a lapse of twenty-three days in which the city is without power to employ any agents to manage its police, fire, street, and sanitary departments so necessary for the safety of the lives and property of its citizens.

Now it is not disputed that the act empowers and makes it the duty of the Board of Commissioners to appoint all such agents or employees as may be necessary for the proper and efficient conduct of the city, and to fix their duties and compensation. The complaint here is that the board has no power to make the appointments without at the same time fixing their duties and compensation, and the aggregate compensation exceeding $1,000, it could only be done by ordinance, and, therefore, the resolution adopted by the Commissioners on January 6th, was ineffective. If an ordinance was necessary, then nothing short of the unanimous vote of the commissioners could make it effective before January 23rd, and the petition shows it would be deferred to that date because only a majority could be mustered for the resolution.

It cannot be supposed that the Legislature intended a lapse of six days, or any time in the administrative affairs of the city. On the contrary, the act provides positively against such a peril. Section 2 declares that all by-laws, ordinances and resolutions in force in the city, and all laws of second class cities, not inconsistent with the act, shall continue to be in force until altered or repealed by the commissioners. We must presume that

all officers and servants of the city under the former administration were duly appointed, and were acting and receiving compensation by virtue of ordinances regularly enacted by rightful authority. There is nothing inconsistent with the act of 1910 if they shall continue to serve the city until their term of service expires, or until the laws under which they work be altered or repealed, unless the 1910 act, *ipso facto,* discharges them. There is nothing in the act that can be so construed unless it is section 4. As we have seen, it provides that all present city *offices,* save those of mayor and police judge, shall be *ipso facto* abolished. This clearly refers to elective offices, and affects only the office. As shown by section 19, its purpose was to change the tenure of the office, not the term of the officer. The officer, or person becomes an employee or agent. Instead of having a vested right in his office, his services may be dispensed with, and his agency terminated at the will of the commission, and as they believe the best interests of the city require.

The meeting of the commissioners on January 6th, was the first they could hold under the law, which became effective in the city on January 1st, and we conclude that the resolution then adopted by the commissioners was merely a declaration, or affirmation of the effect of the old ordinance, still in force. The resolution was unnecessary, for under the old ordinances and resolutions these former servants continue in the employ of the city, and at the same salary, as agents, not officers, until the laws and ordinances affecting their employment or appointment, theretofore in force, are altered or repealed by the commissioners.

Appellant's contention is not supported by the letter or the spirit of the Commission Form of Government Act, and the judgment of the lower court is, therefore, affirmed.