## State Board of Education et al. v. Kenney et al.

(Decided July 3, 1929.)

288

J. W. CAMMACK, Attorney General; S. H. BROWN, Assistant Attorney General; E. C. O'REAR, LESLIE W. MORRIS and MARION RIDER for appellants.

ARTHUR B. BENSINGER, J. VERSER CONNER, WOODWARD, HAMILTON & HOBSON, FRANK E. DAUGHERTY, TURNER & CREAL, W. B. ARDERY and JAMES M. O'BRIEN for appellees.

PER CURIAM—Reversing in part and affirming in part.

Because of lack of time, no extended or elaborate opinion will now be prepared, but only a memorandum one, sufficiently explicit, however, to clearly indicate the involved questions and the conclusion of the court thereon.

The action was filed by appellees in the Franklin circuit court against appellants to enjoin the purchasing and paying for free text-books to be used in the common schools of the commonwealth, as was attempted to be provided for by chapter 48, page 183, of the Session Acts of 1928, commonly known as the "Free Text-Book Act." The relief sought was asked upon a number of grounds set out in the petition, some of which were directed against the constitutionality of the act, while others were directed against its administrative provisions.

The learned trial judge held that the act was unconstitutional, as violative of section 49 of the Constitution, because the purchasing of the provided-for text-books would create a debt beyond the limits contained in that section, and that it also contravened section 230 of the Constitution, because the appropriating language contained in the act was so general and unlimited as not to conform to the requirements of that section. Because of such conclusions, the court sustained the prayer of the petition and enjoined the purchasing of the books, and as a consequence it also enjoined the state treasurer from paying any sums out of the treasury for the purchase and distribution of the books, and to reverse that judgment appellants prosecute this appeal.

The cause was considered and determined by the whole court, and a majority of its members were of the opinion, and so held, that:

(1) The act was not void for either of the reasons assigned by the trial judge of the Franklin circuit court, nor was it unconstitutional for any of the other grounds presented and argued by appellees and plaintiffs below; but a majority of the court were also of the opinion that:

(2) It was the intention and purpose of the Legislature, and it so provided in the act, to require the payment for the books to be made out of the general fund in the treasury of the commonwealth, and that it did not intend, nor did it attempt, to make the appropriation from, or out of, the common school fund of the Commonwealth, and that the purchase of the books was not an "ordinary expense of the government."

That being true, it was the further conclusion and determination of a majority of the members of the court that, inasmuch as chapter 128, p. 435, of the Acts of 1928 levied, apportioned, and distributed all of the revenues of the commonwealth derived from taxation, both collected and provided for, but yet uncollected, there was no fund provided for by the involved act, or any other statute, out of which the payment of the cost price of the books could be made.

Section 4019 of the 1928 Supplement to Carroll's Kentucky Statutes is a part of the 1928 distributing act, supra, and it apportions the entire revenue of the state raised by taxation, giving to the support of common schools 69 per cent. thereof, but the remaining 31 per cent. of the taxes was specifically apportioned and distributed by the section, supra, of the referred-to Supplement, and the auditor of public accounts was therein specifically directed and required to make such distribution in accordance with the provisions of that statute "at the end of each month."

It is therefore clear that the purchase price of free text-books, not being an ordinary expense of the government, and none of the school fund having been appropriated for the purpose, cannot be paid out of the general fund, when that fund, actual or potential under a duly enacted levying statute, has been exhausted by the appropriating power of the Legislature, leaving no provided fund out of which the authorized warrants for the purchase price of the books may be paid, either at present or at any time in the future.

Under the conclusions so reached, other questions than those hereinbefore determined and vigorously discussed by counsel for both sides, including whether it

would be competent for the Legislature to make appropriation from the school fund with which to pay for the free text-books, need not be and are not determined.

The Legislature, not having made provision, either in the act itself or any other one, for the creation of a fund for the payment of the books, or designated any existing fund out of which such payment could be made, the provisions of the free text-books statute cannot now be put into operation. The judgment appealed from having perpetually enjoined the enforcement of the act, went further than it was authorized, since the Legislature may yet provide the necessary funds for putting it into execution.

Wherefore the judgment is reversed in so far as it granted a perpetual injunction, but affirmed in so far as it enjoined the issuing and paying of warrants until proper provision shall be made by the Legislature as herein determined, and the trial court is directed to modify its judgment to conform to this opinion.

Whole court sitting.