# Martin v. Eagle.

(Decided June 20, 1930.)

(As Modified on Denial of Rehearing December 19, 1930.)

STEPHENS & STEELEY, T. B. CULTON and HAFFORD E. HAY for appellant.

HIRAM H. OWENS and O. W. BLACK for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

J. O. Martin prosecutes this appeal from a judgment adverse to him rendered in an election contest.

According to the election returns, J. O. Martin and L. L. Mauney were elected commissioners of the city of Corbin. Contests were filed against them by J. C. Eagle and J. M. Tipton, their opponents, each contesting the election of both Martin and Mauney.

The irregularities in the count and certification of the vote from precinct 29 in Knox county is the storm center of this controversy. The vote in all nine precincts was recounted by the court. We shall now give the totals of these votes, the first column being the totals as certified by the election officers, the second column, the totals as shown by the recount, and the third column, the totals as they would have been if all precincts had been recounted except 29 and it had been added as returned by the election officers.

| Martin | 1063 | 1010 | 1059 |
| Mauney | 1025 | 1042 | 1024 |
| Eagle | 1010 | 1029 | 992 |
| Tipton | 991 | 987 | 976 |

Thus is will be seen the recount in the precincts other than 29 did not affect the result. If 29 had not been recounted these men would have been in the same positions as before, but by the recount of the vote in precinct 29 Martin dropped from first place to third, Mauney rose from second place to first, and Eagle advanced from third to second.

We shall now dispose of the grounds upon which Martin seeks to reverse the judgment.

(a) His demurrer to Eagle's petition was overruled, which he says was erroneous because Eagle had not alleged Martin had received a certificate of election.

By section 3460, Ky. Stats., all popular elections in third class cities are held under the general election laws, and by section 1596a-5, election officers in case of municipal offices do not issue a certificate of election, but merely certify the vote to the common council of the municipality, hence demurrer was properly overruled.

(b) Martin demurred specially to the petition, questioning thereby the jurisdiction of the court to hear this matter at all, that jurisdiction being, so he says, given to the common council of the city by section 3267, Ky. Stats., and so it is, ordinarily, but by section 3269, these men are disqualified to sit and hear a contest in which they are interested, and the contest was one for the court

to try under section 1596a12, Ky. Stats. See Scholl v. Bell, 125 Ky. 775, 102 S. W. 248, 31 Ky. Law Rep. 335.

In some way Martin has got the idea that no one but Eagle is contesting his (Martin's) election and that Tipton alone is contesting the election of Mauney alone. With this idea in his mind he takes this position. No one is contesting the election of Sproles, the mayor; therefore, so Martin says, Sproles and Mauney would constitute a majority of the commissioners and could try the contest between him (Martin) and Eagle. He forgets that Mauney is also interested. If Martin will read Eagle's petition, he will see that both Mauney and Martin are named as contestees by Eagle, and also both are named as contestees by Tipton. The court very correctly overruled his special demurrer.

(c) He says the ballot boxes should not have been opened and the votes recounted without proof first had of the proper preservation thereof, etc.

The answer to that is the record affirmatively shows that was waived. He denies agreeing to that, but, admitting he did not do so, there is no showing that he made any objection. The ballots themselves are the best evidence of the vote cast, and like any other form of evidence, no complaint can be made of their admission after they have been admitted without objections. A party to an election contest cannot wait until after the boxes have been opened and the ballots have been counted to make his objection. When the proposal is made to open the boxes and count the ballots, he must then make his objections known or else forever after hold his peace. He cannot speculate on the outcome of the count and if it is adverse to him then file his objections. He sees now, since the boxes have been opened and the ballots counted, he made a mistake in not objecting thereto, and he is objecting very strenuously now; but it is too late. He has nothing to show he ever objected. He contends he did, but he has no evidence that he did. He says no record was made of what was done, at the time of the count December 7, 1929. He should have had a record made. He was in the courtroom, he had been summoned, he saw what was going on, and he should have had proper record made of what went on. Unless he brings us a record of what was done and points out prejudicial error therein, we can do nothing for him, as it is incumbent on an appellant to overcome the presumption that the proceedings in the trial court are correct.

On April 19, 1930, four months and twelve days after the ballots had been counted, Martin offered to file an amended answer and counterclaim, by which he made a belated effort to object to the recount and question the integrity of the ballots. The court did not order it filed and Martin did not except to that ruling. Eagle has filed no reply to this, and Martin contends that the allegations thereof must be taken as true; but the answer to all that is the amended answer and counterclaim was never filed, hence Eagle did not have to respond to it.

(d) Martin says Eagle took no proof to support allegations he had made about numerous voters whose votes were counted for Martin when they had in fact voted for Eagle. The answer is he did not have to, as he won by the recount of the ballots.

(c) He complains because there was no order made showing who were appointed to recount the vote, but he cannot complain to us of anything that occurred, unless he brings us a transcript of those proceedings of which he complains. In the absence of a showing, the presumption is they were counted by the court and counted correctly.

(f) He says the vote should not have been recounted, but contestant had asked for a recount and no reason is shown why he should not have had it.

Judgment affirmed.

Whole court sitting.