## City of Covington, etc., v. Hicks.

(Decided November 7, 1930.)

370

STANLEY CHRISMAN and RALPH RICH for appellant.

STEPHENS L. BLAKELY and JOHN T. MURPHY for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

By the judgment appealed from the commissioners of the city of Covington were restrained from employing Joseph Fisher to act in any capacity, with either the police or fire department of the city of Covington and from paying him any money out of the public funds for services in connection with said departments.

The city was undertaking to employ this man under certain ordinances and resolutions, the essential parts of which are:

ORDINANCE No. 2457.

Section 1. That there be, and there is hereby created the position of Supervisor of the Fire

Department of the Department of Public Safety of the City of Covington, Ky., whose duties shall be to advise and recommend to the .Commissioner of Public Safety and the Chief of the Fire Department as to the best methods of creating efficiency in said department. Said Supervisor of the Fire Department shall not be a member ·of ,the Fire Department of the City of Covington and shall possess such qualificaions as will enable him to perform efficiently his duties. Said employee shall hold his position at the pleasure of the Board of Commissioners.

"Said position shall be assigned to the Department of Public Safety. All duties to be performed by said Supervisor of the Fire Department or which hereafter may be imposed, shall be done and performed under the direction of the Commissioner of Public Safety.

"Section 2. The salary of the Supervisor of the Fire Department shall be Forty-eight Hundred ($4,800.00) Dollars per year, payable as the salaries of other employees of the City are paid."

## ORDINANCE No. 2466.

"Section 1. That there be, and there is hereby created the position of Supervisor of the Police Department of the Department of Public Safety of the City of Covington, Ky., who shall not be an officer of the City, whose duties shall be to advise and recommend to the Commissioner of Public Safety and the chief of the Police Department as to the best methods of creating efficiency in said Department. Said Supervisor of the Police Department shall not be a member of the Police Department of the city of Covington and shall possess such qualifications as will enable him to perform efficiently his duties. Said employee shall hold his position at the pleasure of the board of Commissioners.

"Said position shall be assigned to the Department of Public Safety. All duties to be performed by said Supervisor of the Police Department or which hereafter may be imposed, shall be done and performed under the direction of the Commissioner of Public Safety.

"Section 2. The salary of the Supervisor of the Police Department shall be one hundred dollars per

annum, payable as the salaries of other employees of the city are paid. Provided, however, that the person elected to the position of Supervisor of the Fire Department of said city may also be elected Supervisor of the Police Department in which event said employees shall not be paid any salary as Supervisor of the Police Department.''

COMMISSIONER'S RESOLUTION No. 5919.

''Be it Resolved By the Board of Commissioners of the City of Covington, Kentucky: Section 1. That Joseph W. Fisher be, and he is hereby appointed to the position of Supervisor of the Fire Department of Public Safety of the City of Covington.

''He shall enter upon the discharge of his duties as such upon the taking of effect of this resolution and shall hold said position until his successor is duly appointed and qualified.''

In this action, begun by Jacob Hicks, a taxpayer, the city was restrained as stated. By section 3235c-19, Ky. Stats., the board had the right to make this employment. As these ordinances do not make Fisher a member of either the police or fire department, the provisions of section 3138-3, Ky. Stats., do not apply to him.

We are unable to see in the ordinances and resolution in question anything giving any power to Fisher. About all he could do under them is to make a study of the departments in question under directions of the commissioner of public safety and make such recommendations as he thinks will make these departments more efficient. Fisher cannot make an arrest or give directions to the firemen engaged in putting out a fire. The policemen and firemen may be indirectly affected by his activities, as a result of the action of the commissioners based on or resulting from Fisher's recommendations but directly they are not.

We are sure the commissioners would welcome suggestions, coming from any citizen, that would make these departments more efficient, and we are unable to see any reason they should not be permitted to employ some one to make a study and to make suggestions. By section 3071, Ky. Stats., it is provided: ''All ordinances that contemplate the appropriation of any money shall upon their second reading be referred to the appropriate

committee of the board in which such ordinances are introduced, who shall obtain the endorsement thereon of the auditor to the effect that sufficient unappropriated means stand to the credit of the fund or revenue account therein mentioned to meet the requirements of such ordinances, and that the same is in the treasury, or it shall not be lawful to pass the said ordinance."

These ordinances do not bear the indorsement of the auditor, but they are not such ordinances as now require it. That indorsement will be needed when an attempt is made to pay Fisher for his services. For example, see the Free Text Case, 230 Ky. 287, 18 S. W. (2d) 1114.

The judgment is reversed, with directions to dissolve the restraining order and dismiss the petition.