## Sproles, Mayor, et al. v. Mauney.

## Same v. Peace.

(Decided May 15, 1931.)

HIRAM H. OWENS and O. W. BLACK for appellants.

POPE & UPTON for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

These two cases were heard together below, and as the controlling questions on this appeal are common to both cases, they will be disposed of in one opinion.

One case involves the right of E. L. Mauney to act as city clerk, while the other involves the right of Bradley Peace to act as tax collector of Corbin, which is a city of the third class operating under the commission form of government. By the act which authorizes cities of the third class to adopt the commission form of government (Acts of 1914, chapter 92, Kentucky Statutes, secs. 3480b-1 and 3480b-29, inclusive), all the legislative, executive, and administrative power of a city operating under it, save as otherwise provided in the act, is vested in a board of commissioners composed of the mayor, who is elected for a term of four years, and two commissioners, who are elected for a term of two years. Section 3480b-4 provides that all city offices save those of mayor, police judge, and city prosecuting attorney, shall be abolished, and section 3480b-19 provides that the board of commissioners shall appoint all such employees as may be necessary for the proper and efficient conduct of the affairs of the city, who shall be agents, not officers, of the city, and who shall perform such duties and for such compensation as the board of commissioners may by ordinance prescribe.

At the November, 1929, election J. O. Martin, E. L. Mauney, J. C. Eagle, and J. M. Tipton were candidates for the office of commissioner of the city of Corbin. On the face of the returns Martin and Mauney were elected. A contest proceeding was filed by Eagle and Tipton, and on a recount of the ballots the circuit court adjudged that Eagle and Mauney had been elected. The judgment was affirmed by this court on June 20, 1930. Martin v. Eagle, 236 Ky. 267, 32 S. W. (2d) 1020. Martin qualified and acted as commissioner from January 7, 1930, until the decision was rendered by this court in Martin v. Eagle.

On January 7, 1930, at a meeting of the board of commissioners, not attended by the mayor, Martin and Mauney appointed appellee E. L. Mauney, city clerk, and appellee Bradley Peace, city tax collector. At the same meeting an ordinance was introduced which prescribed the duties of the clerk and tax collector, fixed their salaries, and fixed the terms of those appointed to fill these positions at two years. This ordinance was approved at a subsequent meeting at which the mayor was present. On June 24, 1930, after Eagle had succeeded Mauney as commissioner, at a meeting of the board of commissioners the board by a vote of two to one declared the positions held by appellees vacant and appointed appellant Grover C. Lanham, tax collector, and appellant John C. Myers, city clerk. Thereupon appellees brought these actions, in which they asked that they be adjudged to be tax collector and clerk, respectively, of the city of Corbin, and that Lanham and Myers be enjoined from interfering with the plaintiffs in discharging the duties of these offices. The lower court granted the relief sought in each case, and the defendants have appealed.

The question squarely presented for determination is: Were appellees subject to removal by the board of commissioners at pleasure? The act providing for the organization of a commission form of government does not fix a term for the agents employed by the board of commissioners, nor does it make any provision for their removal. The act does provide that all laws applicable to and governing cities of the third class and not inconsistent with the provisions of the act authorizing the adoption of the commission form of government shall continue to apply to and govern each city that may organize under it. Section 3480b-2.

Section 3249, which is a part of the charter of cities of the third class, and which is not inconsistent with the commission form of government act, provides that "all officers, agents or employees elected, appointed or employed by the council may be removed by the council at pleasure." The board of commissioners possesses all of the powers conferred upon the board of council by the charter of cities of the third class unless otherwise provided in the act providing for the government of third class cities under the commission form of government.

We think it immaterial whether the clerk and tax collector of the city of Corbin be termed officers or agents. They are appointed by the board of commissioners and they hold at the pleasure of the appointing power. The attempt of the board of commissioners to fix a definite term was futile since it, in effect, defeated the purpose underlying the act. If they could fix the term at two years, they no doubt could fix it at four years, and thus tie the hands of a succeeding board. Since the Legislature fixed no term for any of the appointees of the board and left undisturbed that section of the charter of cities of the third class, which provides that all officers, agents, or employees, elected, appointed, or employed by the board of council, may be removed by the appointing power at pleasure, it was manifestly its purpose that the power of removal should be retained by the board of commissioners. It is true that section 3480b-19, provides that the board of commissioners shall adopt such rules and regulations looking to the appointment and discharge of employees as will tend to carry out the spirit of the act and lead to the establishment of the merit system in public service. Under this section, no doubt, the board of commissioners might provide that an employee should not be discharged without cause, or without notice, but the board of commissioners of the city of Corbin adopted no such ordinance. In the absence of such an ordinance, the board clearly had the power to remove any of its appointees summarily.

The purpose of the act providing for the organization of cities of the third class under the commission form of government was to fix responsibility for the efficient administration of the city's affairs upon the board of commissioners. A sound public policy requires that there should be a way of promptly dispensing with an employee who is not working in harmony with the board. The power of control should rest with the mem-

bers of the board, since they are responsible for the results. Therefore they properly are given the power to release those employed by them.

In Parsons v. Breed, 126 Ky. 759, 104 S. W. 766, 768, 31 Ky. Law Rep. 1136, it was said: "The matter of municipal government is becoming more a matter of business, and is conducted more upon business methods than of statecraft. Public administrative boards are taking the places of legislative bodies in many matters, and agents or employees are used, instead of officials having rights above the public whom they are chosen to serve. The administration of the business of a city government would be materially hampered if an outgoing administration could fill all the positions provided for administering the government with persons not in accord with, and not directly answerable to, the responsible head of the new administration." In that case it was held that where neither the Constitution nor statutes fixed the term of office, the appointee holds at the pleasure of the appointing power, although it was attempted by the appointing power to fix a definite term.

In Johnson v. Cavanah, 54 S. W. 853, 21 Ky. Law Rep. 1246, the fiscal court of Christian county appointed Cavanah manager of the workhouse for a term of two years. Before he entered upon the duties of his office, he was removed from the position by the fiscal court without notice or charge of any kind against him, and it was held that since the statutes prescribed no qualification for the incumbent of the position and fixed no term for which he should hold, the fiscal court was clothed with lawful authority to remove him at any time in its discretion, although the fiscal court had attempted to appoint him for a definite period of time.

In London v. City of Franklin, 118 Ky. 105, 80 S. W. 514, 25 Ky. Law Rep. 2306, London was appointed marshal of the city of Franklin to fill out an unexpired term. Before the expiration of the term he was removed by the city council without notice to him or a hearing. Section 3619, Kentucky Statutes, provides: "The marshal . . . shall be appointed for a term of two years by the city council, but may be removed at the pleasure of the city council." It was argued that section 3619 of the Statutes must be construed to refer only to removals for cause, but it was held that the marshal, under this statute, may be removed at the pleasure of the city council. Rogers v. Congleton, 84 S. W. 521, 27 Ky. Law Rep.

109, in which section 3249, Kentucky Statutes, supra, was construed, is to the same effect.

The appellees had no vested rights in the respective positions to which they were appointed. They may be employed as tax collector and clerk, respectively, only during the pleasure of the board of commissioners. These rules of law incorporated themselves into and became a part of their employment by the board, and they were, in law, bound to take notice thereof, and the board was within its legal rights in discharging them. Jones v. Cassidy, 154 Ky. 748, 159 S. W. 562; Kratzer v. Commonwealth, 228 Ky. 684, 15 S. W. (2d) 473.

The judgment in each case is reversed, with directions to dismiss the petitions.