# Browning v. City of Corbin.

(Decided June 19, 1936.)

ZEB A. STEWART for appellant.

R. C. BROWNING for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

Corbin, a city of the third class operating under a commission form of government prior to 1935, had an ordinance providing that the commissioners might appoint a clerk to the police judge of the city, also fixing the duties and compensation of the appointee. A new board of commissioners was elected in 1935, taking office in January, 1936. It seems that they were of the opinion that the new board should renew the employment, so they re-enacted the old ordinance, the style of which was "an ordinance continuing the creation of the position of clerk to the Judge of the Corbin Police Court, defining his or her duties and fixing compensation." The ordinance declared that it was deemed necessary for the proper and efficient conduct of the affairs of the city "to provide assistance to the judge in the conduct of the clerical work entailed." The duties prescribed were in substance as follows:

To make monthly minute reports of fines collected and of replevin bonds taken by the court; to issue

executions upon all unsatisfied bonds, the executions first to be signed by the judge of the court. The appointee was to make monthly reports to the commissioners as to the status of all replevins past due, and to receive all moneys paid into court for fines, forfeitures, and costs, and to turn same over to the treasurer to be credited to various funds as provided by law or by ordinance. The appointee was to execute bond for $1,000, and for such services as were required was to receive $50 per month.

Pursuant to the readopted ordinance appellee was appointed, has been and is now serving, but recently a question was raised as to the validity of the ordinance, therefore suit was filed in the manner provided by section 639a—5, Civil Code of Practice, seeking a declaration of rights.

The cause was submitted below on agreed facts, and the court declared the ordinance void, and the parties are here seeking to have this court declare their respective rights. The facts as stipulated are in substance as follows:

That the salary of the police judge prior to the passage of the original ordinance providing for the appointment of a clerk to the judge of the police court was $150 per month, and the judge employed his own clerk, but that when the ordinance was enacted the judge's salary was reduced to $100 per month; that while the salary of the judge was $150, the amount of money turned into the city treasury for two years was about $2,500 per year; that since the employment of a helper the amount increased to about $5,500 per year for two years. It is also agreed that the business of the court has greatly increased, and that formerly the books were not so kept as to show the matters required under the ordinance, and that the records of appellant have been highly approved by examining officers.

The questions presented to us for determination depend upon the construction to be given to several sections of Kentucky Statutes, 1930 Ed. In passing on the right of the commission to remove any of its appointive employees or agents at pleasure (which right was upheld) we said in Sproles, Mayor, v. Mauney, 239 Ky. 138, 139, 38 S. W. (2d) 969:

"The matter of municipal government is becoming more a matter of business, and is conducted more upon business methods than of statecraft. Public administrative boards are taking the places of legislative bodies in many matters, and agents or employees are used, instead of officials having rights above the public whom they are chosen to serve,"

citing Parsons v. Breed, 126 Ky. 759, 104 S. W. 766, 768, 31 Ky. Law Rep. 1136.

The question here is as to the power of the commissioners to appoint an agent or employee to do the things required by the ordinance. Under section 3480b-4, Ky. Stats., the office of police judge may not be abolished. Section 160 of the Constitution requires his election by the people, and the charter of cities of the third class provide for his election, fixes his term, compensation, and in a measure defines his duties. The commissioners cannot abolish his office; neither may they by ordinance transfer any of the functions, powers, rights, or duties of the police judge, or any other officer whose duties, powers, and rights are fixed by the statutes to another, unless such office is subject to be and is abolished, as provided in the statutes.

Section 3357, Ky. Stats., establishes a police court in cities of the third class. Section 3352 vests the "judicial authority" in a magistrate who shall be styled the police judge. He is elected by the voters of the city for a term of four years (section 3353), and his maximum salary is suggested in section 3355. By section 3358 the police court is made a court of record, and section 3361 provides:

"The judge of the police court shall be the clerk of his own court, and shall tax as cost of his services the same fees allowed by law to justices of the peace in penal cases; but his costs shall be for the benefit of the city, and shall, when collected, be paid into the city treasury for the use and benefit of the general revenue fund of the city. He shall also be the custodian of the records of his court."

Section 3362 makes the police judge an examin-

ing court, and allows fees in addition to his salary. Thus we see that the duties of a judge of the police court, as clerk of his own court, are very meagerly defined. The statutes quoted require him to tax costs, and to keep safely the records of the court. It may be readily assumed that he is to keep a docket, to step his cases, to enter all necessary orders and judgments, to issue executions, and to take bonds for appearance, appeal, or replevy. None of these duties are placed on appellant by the ordinance, nor could they legally be so placed, nor could the city by ordinance properly pay an employee to perform these duties.

It is admitted that some of the services rendered by the appellant are duties imposed by law upon the city marshal, such as receiving collected fines and forfeitures, paying same into the city treasury, and making reports. This appears to some extent to be true, but it is admitted that the city has no marshal. Section 3338, Ky. Stats., provides that a marshal shall be elected by the people, his term to be for four years, but section 3351 Ky. Stats., provides:

"The common council may, by ordinance, abolish * * * the office of marshal, and, when so abolished, the duties herein imposed on the marshal shall be performed by such officer as the common council shall designate or appoint."

While it is admitted that there is no city marshal, it does not clearly appear whether there is a vacancy due to failure of election, or to the abolition of the office. In either event the governing authorities may, under that section, impose the duties of his office, or a part thereof on another designated person. The power to appoint agents or employees is given by section 3480b-19, Ky. Stats., in the following words:

"The board of commissioners shall also at its first meeting, or as soon thereafter as may be practicable, appoint all such employees as may be necessary for the proper and efficient conduct of the affairs of the city. All such employees shall be agents, not officers of the city; they shall perform such duties and for such compensation as the board of commissioners may by ordinance prescribe."

This is a broad statute, evidently enacted so as to

bring about, if possible, the result in municipal government hoped to be attained, as suggested in Sproles v. Mauney, supra, and the identical language used in section 3480b-19, has been construed in the case of City of Covington v. Hicks, 236 Ky. 369, 372, 33 S. W. (2d) 342, which, while giving the language a liberal construction, indicated that the agency or employment provided should not conflict **with the duties or powers** of another office or agency.

So after observing the ordinance under consideration, we are of the opinion that the commissioners had authority to appoint the appellant to render services required of her by the ordinance, certainly to the extent that they do not conflict with the duties and powers imposed upon any acting officer provided for by the charter, or deprive such officer of emolument provided, or result in a duplication of pay provided for and paid to any such other officer. We express the opinion that to the extent appellant renders services as are required, and which may not conflict with services required from other officers provided by the charter, she may be paid the compensation allowed by the ordinance.

Judgment reversed, with directions to set aside the judgment below, entering in its stead an order in conformity herewith.