## Myers v. Shaw.

December 16, 1949.

722

Terry L. Hatchett for appellant.

Hines & Hines and Thomas W. Hines for appellee.

Judge Cammack—Affirming.

Ernest L. Myers, Jr., appellant, and H. Nick Shaw, appellee, were among the twelve candidates who sought the six positions of city councilmen of the city of Glasgow. The official returns, as certified by the Barren County Board of Election Commissioners, showed Myers to have been sixth highest and he was awarded a certificate of election. Shaw's total vote was certified as being but two under that received by Myers.

Shaw filed a petition in the Barren Circuit Court, seeking a recount. Styled as defendants in the action were the eleven other candidates and the members of the Board of Election Commissioners. While the petition contains the statement that a recount would reveal that Shaw received more votes than did Myers, it concluded with the prayer for:

"* * * a recount of the ballots cast in the City of Glasgow, Kentucky for the office of City Councilmen at the regular November (Nov. 8th) 1949 election held in Barren County, Kentucky and in the City of Glasgow and for a recertification upon said recount and that the person receiving the highest number of votes for the office of City Councilman of Glasgow, Kentucky shown by said recount, declared to have been elected to said office, including this plaintiff and that the court make and enter such orders as the law provides for the purpose of procuring and making said recount and that he have and all such further relief granted and provided by Statute regulating and controlling a recount of ballots pursuant to and provided by Statute therefor and for his costs and all proper relief."

The recount disclosed a tie between Myers and. Shaw and a judgment was entered directing the election commissioners to determine by lot which of the candidates is entitled to the certificate of election.

Myers contends that the court below erred in assuming jurisdiction of the recount proceedings. The applicable statutory provisions are contained in KRS 122.070, 122.100, 87.040 and 87.180. The first two sections contain provisions for the recount of votes in a general election, but expressly except elections for city officers for whom provision is made by law for the determination of contested elections. KRS 87.040 provides that the council of a city of the fifth class shall determine the qualification and election of its members. KRS 87.180 merely states that, with the exception of contests provided for by KRS 87.040, contested elections for city officers shall be determined as decided by ordinance. KRS 87.040 has been construed as placing the exclusive jurisdiction of contested elections for councilmen in that body, except where the seats of a quorum of the council are under attack. Craft v. Davidson, 189 Ky. 378, 224 S. W. 1082; Ratliff v. Tackett, 209 Ky. 588, 273 S. W. 441. See also Cole v. Ridings, 271 Ky. 158, 111 S. W 2d 605, and Lyttle v. Wilson, 252 Ky. 392, 67 S. W. 2d 498, involving the same question under similar statutes for cities of the fourth and sixth classes respectively.

The specific issue then is whether the petition for a recount called into dispute the right of all the certified candidates to assume office, or whether only Myers was challenged. If a quorum held uncontested title to their seats, they and no one else had jurisdiction to settle the dispute as to the balance of the seats. If not, the ordinary procedure for a recount is followed in the circuit court. There can be no doubt that the seat of each of the successful candidates was questioned by this action. The relief sought was a retabulation of the votes and a recertification of all those entitled to certificates of election. As was stated in Craft v. Davidson, supra (189 Ky. 378, 224 S. W. 1084):

"The city council for cities of the fifth class is composed of six members, and they are elected by all the qualified voters in the city from the city at large. No candidate for the office of councilman either runs for

or is elected to any particular one of the six seats to be filled. Each candidate in the election is opposing all others, and the six receiving the highest number of legal votes are elected and entitled to serve. It is therefore necessarily true that in contest proceedings the title of each of the contestee members of the council to their respective offices is involved even in a single contest, for it might be that the contestant received a greater number of legal votes than either of those who were declared elected, and in case of there being two contests, as is true here, one contestant might be adjudged to have defeated all or a portion of the contestees and the other to have done likewise.''

The chancellor correctly determined that the council's elected membership did not afford an impartial tribunal to determine the recount and properly assumed jurisdiction thereof.

Some question is now raised concerning the integrity of the ballots. It is presumed that the chancellor established this fact prior to the commencement of the recount and the record is silent on the point. The record therefore prevails. Martin v. Eagle, 236 Ky. 267, 32 S. W. 2d 1020.

Comment is also made that the judgment only discloses the result of the recount and does not disclose the court's action on the individual ballots. However, the ballots are not here and the result of the recount must be accepted as correct.

Both parties objected to the provision of the judgment directing that the loser shall pay the costs. It is maintained that the city bears the cost of the recount by virtue of the provision of KRS 87.180, which provides that the city shall pay the cost of the election. A retabulation of votes is a statutory right given a candidate dissatisfied with election results as announced. The provision that ''all expenses of a city election shall be paid by the city'' does not extend to those costs incurred by a candidate in the exercise of this postelection right. The costs were correctly adjudged to be paid by the loser of the recount.

Judgment affirmed.

Judge Latimer not sitting.