**CITY OF MIDDLESBOROUGH, Appellant,**

v.

**Cecil GRUBBS et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 14, 1962.

Glenn W. Denham, Middlesborough, for appellant.

William S. Tribell, Middlesborough, for appellees.

CULLEN, Commissioner.

In an action by six members of the city police force against the City of Middlesborough the circuit court held invalid an ordinance of the city establishing a merit system for the police department. The city has appealed.

The ordinance abolished all ranks in the police department other than that of chief, and in lieu thereof created a schedule of grades, with designated pay scales. It provided that each existing member of the department should be placed in a grade which would give him a salary $10 per month higher than his salary at the time of adoption of the ordinance. It established a Merit Board whose functions would be to give qualifying examinations, make rating studies of the various members of the police department, and "advise" the city legislative body with reference to the selection and advancement of personnel. The ordinance also contained various other provisions concerning the number of policemen, initial qualifying requirements, provisional status of new members, overtime pay, longevity pay, rating records, sick leave and vacations.

Prior to the adoption of the ordinance in question the city had been operating under previous ordinances, conforming with KRS 95.440 to 95.470, which provided for initial qualifying examinations for appointments to the police and fire departments and which prohibited discharge or disciplinary action except for cause and after a hearing. The previous ordinances contained no provisions concerning promotions nor did they provide any system for determining rank or specify

the attributes of various ranks. The city records do not show that previous promotions or ranks of any policemen were based upon examination, recommendation, length of service or any system or method at all. Nor do the statutes make any provision concerning promotions. See Seiter v. City of Covington, 290 Ky. 699, 162 S.W.2d 524.

The plaintiffs below, five of whom had held the rank of sergeant and one the rank of captain, attacked the validity of the new ordinance on various grounds. The circuit court held the ordinance invalid on the sole ground that "the plaintiffs are deprived of vested rights in rank and seniority."

■ As concerns the matter of seniority we are unable to find any basis upon which it could be said that any seniority rights are impaired by the new ordinance. Neither the previous ordinances nor the statutes pursuant to which they were adopted, KRS 95.440 to 95.470, say anything about seniority in third-class cities (KRS 95.440(4) relates only to second-class cities). Apparently the plaintiffs here are maintaining they have some rights of seniority in rank, but there is nothing anywhere to indicate that under the previous ordinances and the statutes rank had any relation to seniority, or vice versa. Furthermore, as we shall show, the "rank" to which the plaintiffs claimed rights was nothing more than a bare title.

Considering now the matter of rank, it is true that KRS 95.430 authorizes the city legislative body to "grade" the officers of the police department, KRS 95.440 prescribes that qualified members of the department shall hold their "positions" during good behavior, and KRS 95.450 prohibits a reduction in "grade" except for cause and after a hearing. But, the original ordinances of Middlesborough made no provision concerning grades or ranks.

As we see it, rank (or grade) in the sense here involved embraces only the two elements of compensation and authority. There is no question here concerning compensation. With respect to authority there

is nothing in the record before us to indicate that the positions of sergeant and captain held by the plaintiffs carried any particular authority. As far as the record shows a sergeant merely got more pay than a patrolman, and nothing else. There is nothing to show that any member of the Middlesborough police force would be reduced under the new ordinance from a dominant to a subordinate position in the chain of command. So aside from the matter of compensation, which is not here in question, the "ranks" held by the plaintiffs were nothing but titles. We do not find in the statutes any guarantees as concerns titles of positions.

In our opinion the trial court erred in holding that the new ordinance deprives the plaintiffs of rights of seniority and rank.

The plaintiffs asserted in the lower court various other grounds of alleged invalidity of the ordinance. We shall briefly dispose of them.

■ One contention is that the new ordinance represents an illegal attempt by the city to rescind its previous election to adopt the civil service system provided for in KRS 95.440 to 95.470. The simple answer to this is that the new ordinance is not in conflict with KRS 95.440 to 95.470 and it does not purport to repeal anything not in conflict with it. The new system will work in conformity with those statutes.

■ It is contended that the ordinance is invalid because it does not in its own terms set forth the requirement of KRS 95.440(2) that policemen be qualified voters of the city. In our opinion the statutory requirement remains in force regardless of the failure of the ordinance to set it forth.

■ Another contention is that the provisions of the ordinance for a merit board constitute an unlawful delegation of legislative power of the city council. We find no merit in this, because the board merely acts in an advising and recommending capacity. It was held in City of Covington

v. Hicks, 236 Ky. 369, 33 S.W.2d 342, that a city could appoint a supervisor of the police department to give advice and recommendations as to the operations of the department. The statute does not require that examinations be conducted personally by the members of the city legislative body. Furthermore, it has been held that in making appointments to a fire department the city legislative body acts in an executive or administrative capacity rather than a legislative one. Gamm v. City of Covington, 236 Ky. 711, 33 S.W.2d 697.

Finally, it is contended that the ordinance is discriminatory because it relates only to the police department and does not include the fire department. We find no requirement in the statutes or elsewhere that the police and fire departments be organized on an identical basis.

The judgment is reversed with directions to enter judgment dismissing the complaint.